UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-MJ-436-GMH |
| v. | : | |
| | : | |
| SEAN MICHAEL MCHUGH, | : | |
| | : | |
| Defendant. | : | |

**CONSENT MOTION TO CONTINUE PRELIMINARY HEARING
AND TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT**

Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3161 (The Speedy Trial Act), the parties in the above captioned case, by and through the undersigned Assistant United States Attorney, and through defense counsel, respectfully move this Court to extend the 30-day time period for filing of the indictment, and to schedule a preliminary hearing date an additional 30 days out.  The parties submit that good cause exists and request that the indictment return date and the preliminary hearing date be continued for at least another 30 days beyond the currently scheduled dates and that time be excluded from the Speedy Trial clock for the reasons stated herein.

1. On May 24, 2021, the defendant was charged in a criminal complaint with, among other things, engaging in physical violence at the U.S. Capitol on January 6, 2021.

2. The defendant was arrested in Eastern District of California where he appeared for his initial appearance on May 28, 2021.

3. The defendant contested detention and a detention hearing was held on June 1, 2021.  At the conclusion of that hearing, Magistrate Judge Kendall J. Newman ordered the defendant detained.

4. Defendant McHugh has not yet appeared before this Court.

5. Defendant McHugh has appealed his detention to the D.C. district court and filed a motion to stay his transfer until the detention appeal could be resolved.

6. This Court issued a briefing schedule order which includes oral argument on June 25, 2021.

7. This is the first request for extension of time.

8. Without a continuance or extension, preliminary hearings must be held within 14 days of the initial appearance if the defendant is in custody. Fed. R. Crim. P. 5.1(c). Moreover, without an extension, an indictment or information must be filed within 30 days of the arrest. 18 U.S.C. § 3161(b).

9. Continuances of preliminary hearings may be granted with the defendant's consent upon a showing of good cause, taking into account the public interest in the prompt disposition of criminal cases. Fed. R. Crim. P. 5.1(d). Moreover, the Speedy Trial Act permits the Court to extend the 30-day period between arrest and indictment if it finds that it would be unreasonable to expect the return within 30-days or because the facts upon which the grand jury must base its determination is unusual or complex. 18 U.S.C. § 3161(h)(7)(B)(iii).

10. The parties submit that there is good cause to continue the preliminary hearing, to extend the time for filing the indictment, and to exclude the delay from the Speedy Trial computation on a number of bases.

11. The parties submit that the ends of justice served by a continuance and extension outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161 (h)(7)(A). The government and counsel for the defendant have conferred and are continuing to communicate in an effort to resolve this matter. The current restrictions on counsel, particularly

those impacting counsel's ability to communicate with witnesses and the pandemic, have slowed this process.

      a.    As part of the "ends of justice" analysis the Court considers, "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).  In this case, it would be unreasonable to expect adequate preparation for a preliminary hearing within 14 days.  The United States has diligently been working to collect, review, and process the massive amount of discovery generated from the January 6th riot cases.  However, the case presents significant logistical complexity, and the United States is considering additional possible charges beyond those contained in the complaint.  Specifically, this case involves hours of video footage; many different witnesses; and large amounts of records from various sources.  Given the complexity of the case, the number of witnesses, the parties request an additional continuance so both parties can be prepared for the upcoming hearing.  Further, the parties are in the process of negotiating, and the additional time that has been requested would facilitate possible pre-indictment resolution of these charges.  The parties need at least another 30 days to prepare.

      b.    For the same reasons outlined above, the delay in filing the indictment is also justified, as it would be unreasonable to expect the return and filing of the indictment within the period specified in section 18 U.S.C. § 3161(b) because the facts upon which the grand jury must base its determination are unusually complex.  *See* 18 U.S.C. §

3161(h)(7)(B)(iii).  Moreover, all "delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure" shall be excluded from the time within which an indictment must be filed.  18 U.S.C. § 3161(h)(1)(E).

      c.      Finally, requiring a preliminary hearing within 14 days would deny counsel for the defendant and the undersigned attorney for the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161 (h)(7)(B)(iv).  Failure to grant the continuance of the preliminary hearing and the extension of the time for indictment would be likely result in a miscarriage of justice. 18 U.S.C. § 3161 (h)(7)(B)(i).

12.    Mr. McHugh will not be prejudiced by the requested continuance and extension in that he agrees that the time between this motion and the newly set preliminary hearing and indictment return date should be excluded under the Speedy Trial Act.

13.    The parties agree that the complaint will remain in full force and effect through the new date scheduled by the Court.  The parties agree that this stipulation and any order resulting therefrom shall not affect any previous order of pretrial detention or pretrial release.

14.    The parties, therefore, respectfully request that the preliminary hearing and the date by which an information or an indictment must be filed be continued for an additional 30 days. The parties agree that "the ends of justice served by the granting of such continuance [will] outweigh the best interests of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A), and the parties request an order to that end.  The parties agree that pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3161, the time from this filing

and the new date, shall be excluded in computing the date for speedy trial in this case.

                        Respectfully submitted,

                        CHANNING D. PHILLIPS
                        ACTING UNITED STATES ATTORNEY

By:    /s/ *Jacob J. Strain*
           JACOB J. STRAIN (UT#:12680)
           Assistant United States Attorney
           555 4th Street, N.W.
           Washington, D.C. 20530
           (801) 524-5682 | Jacob.Strain@usdoj.gov