**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 1:21-MJ-436-GMH** |
| **v.** | : | |
| | : | |
| **SEAN MICHAEL MCHUGH**, | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

The Court, having considered the representations of the United States and defense counsel regarding the potential plea, complexity of the case, the voluminous discovery, the ends of justice, and the need for a reasonable time necessary for effective preparation taking into account the exercise of due diligence, as well as the stipulations by defense counsel, and for good cause appearing, the Court makes the following findings:

1. On May 24, 2021, the defendant was charged in a criminal complaint with, among other things, engaging in physical violence at the U.S. Capitol on January 6, 2021.

2. The defendant was arrested in Eastern District of California where he appeared for his initial appearance on May 28, 2021.

3. The defendant contested detention and a detention hearing was held on June 1, 2021. At the conclusion of that hearing, Magistrate Judge Kendall J. Newman ordered the defendant detained.

4. Defendant McHugh has not yet appeared before this Court.

5. Defendant McHugh has appealed his detention to the D.C. district court and filed a motion to stay his transfer until the detention appeal could be resolved.

6. This Court issued a briefing schedule order which includes oral argument on June 25, 2021.

7.      This is the first request for extension of time.

8.      Without a continuance or extension, preliminary hearings must be held within 14 days of the initial appearance if the defendant is in custody.  Fed. R. Crim. P. 5.1(c).  Moreover, without an extension, an indictment or information must be filed within 30 days of the arrest. 18 U.S.C. § 3161(b).

9.      Continuances of preliminary hearings may be granted with the defendant's consent upon a showing of good cause, taking into account the public interest in the prompt disposition of criminal cases.  Fed. R. Crim. P. 5.1(d).  Moreover, the Speedy Trial Act permits the Court to extend the 30-day period between arrest and indictment if it finds that it would be unreasonable to expect the return within 30-days or because the facts upon which the grand jury must base its determination is unusual or complex.  18 U.S.C. § 3161(h)(7)(B)(iii).

10.     The parties submit that there is good cause to continue the preliminary hearing, to extend the time for filing the indictment, and to exclude the delay from the Speedy Trial computation on a number of bases.

11.     The parties submit that the ends of justice served by a continuance and extension outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161 (h)(7)(A).  The government and counsel for the defendant have conferred and are continuing to communicate in an effort to resolve this matter.  The current restrictions on counsel, particularly those impacting counsel's ability to communicate with witnesses and the pandemic, have slowed this process.

a.      As part of the "ends of justice" analysis the Court considers, "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the

prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).  In this case, it would be unreasonable to expect adequate preparation for a preliminary hearing within 14 days.  The United States has diligently been working to collect, review, and process the massive amount of discovery generated from the January 6th riot cases.  However, the case presents significant logistical complexity, and the United States is considering additional possible charges beyond those contained in the complaint.  Specifically, this case involves hours of video footage; many different witnesses; and large amounts of records from various sources.  Given the complexity of the case, the number of witnesses, the parties request an additional continuance so both parties can be prepared for the upcoming hearing.  Further, the parties are in the process of negotiating, and the additional time that has been requested would facilitate possible pre-indictment resolution of these charges.  The parties need at least another 30 days to prepare.

      b.    For the same reasons outlined above, the delay in filing the indictment is also justified, as it would be unreasonable to expect the return and filing of the indictment within the period specified in section 18 U.S.C. § 3161(b) because the facts upon which the grand jury must base its determination are unusually complex.  *See* 18 U.S.C. § 3161(h)(7)(B)(iii).  Moreover, all "delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure" shall be excluded from the time within which an indictment must be filed.  18 U.S.C. § 3161(h)(1)(E).

3

c.      Finally, requiring a preliminary hearing within 14 days would deny counsel for the defendant and the undersigned attorney for the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161 (h)(7)(B)(iv).  Failure to grant the continuance of the preliminary hearing and the extension of the time for indictment would be likely result in a miscarriage of justice. 18 U.S.C. § 3161 (h)(7)(B)(i).

12.     Mr. McHugh will not be prejudiced by the requested continuance and extension in that he agrees that the time between this motion and the newly set preliminary hearing and indictment return date should be excluded under the Speedy Trial Act.

13.     The parties agree that the complaint will remain in full force and effect through the new date scheduled by the Court.  The parties agree that this stipulation and any order resulting therefrom shall not affect any previous order of pretrial detention or pretrial release.

14.     The parties request that the preliminary hearing and the date by which an information or an indictment must be filed be continued for an additional 30 days.  The parties agree that "the ends of justice served by the granting of such continuance [will] outweigh the best interests of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A), and the parties request an order to that end.  The parties agree that pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3161, the time from this filing and the new date, shall be excluded in computing the date for speedy trial in this case.

Based on the foregoing findings, **IT IS HEREBY ORDERED**:

1.      Given the potential settlement, the voluminous discovery, the complex nature of

the case, the ends of justice, and the need for a reasonable time necessary for effective preparation taking into account the exercise of due diligence, the Court find that the preliminary hearing date and the indictment return date be scheduled 30 days beyond the date the continuance motion was filed, with all time excluded under the Speedy Trial Act.

2.      The ends of justice served by the granting of such a continuance and extension outweigh the best interests of the public and defendant in a Speedy Trial. 18 U.S.C. § 3161(h)(7)(A).

3.      This case is unusual and complex due to the number of witnesses, volume of discovery, and the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings within the current time limit. 18 U.S.C. § 3161(h)(7)(B)(ii).

4.      The ends of justice are also best served by granting an extension of the date for the indictment return at least 30 days beyond the date the continuance motion was filed.  The Court specifically finds that it would be unreasonable to expect the indictment return within 30 days of arrest and that the facts upon which the grand jury must base its determination are unusual and complex.  18 U.S.C. § 3161(h)(7)(B)(iii).

5.      Requiring a preliminary hearing and an indictment/information within 14 days and 30 days respectively would deny counsel for the defendant and the United States Attorney the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161 (h)(7)(B)(iv).

6.      Failure to grant the continuance of the preliminary hearing and the extension of the time for indictment would be likely result in a miscarriage of justice and prevent a fair trial, preliminary hearing, and grand jury session. 18 U.S.C. § 3161 (h)(7)(B)(i).

7.      The Court has carefully balanced the need for the public and the defendant to have a speedy trial against the need for a fair trial, preliminary hearing, grand jury session, and adequate preparation and finds that the scales tip in favor of granting a continuance and extension.

8.      Accordingly, the time between the date the continuance motion was filed and the new preliminary hearing date and indictment return due date of _____ is excluded from speedy trial computation for good cause.

DATED this _____ day of June, 2021.

BY THE COURT:

_____
G. MICHAEL HARVEY
United States Magistrate Judge

6