UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEAN MCHUGH,<br><br>Defendant. | Criminal Action No. 21-453 (JDB) |

## ORDER

Defendant Sean McHugh is charged with eight felonies and two misdemeanors in connection with his conduct at the U.S. Capitol on January 6, 2021. See Statement of Facts [ECF No. 1-1]; Indictment [ECF No. 22]. He has been detained pending trial since his arrest on May 27, 2021, first by order of Magistrate Judge Kendall J. Newman of the Eastern District of California and then by order of Chief Judge Beryl A. Howell of this District. See Arrest Warrant [ECF No. 5]; Min. Entry (June 25, 2021). At the status conference held in this matter on September 30, 2021, the Court ordered a thirty-day continuance and set a new status conference for November 1, 2021. However, as is his right, Mr. McHugh did not consent to exclude the time between these two conferences from the computation of time under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161 et seq. The Court appreciates Mr. McHugh's desire to see his case progress—a desire no doubt heightened by his ongoing detention—but, notwithstanding his lack of consent, the Court will order that the time between September 30, 2021, and November 1, 2021, be excluded for purposes of the STA.

Under the Speedy Trial Act, the seventy-day clock for trial in criminal cases stops when "the judge grant[s] [a] continuance on the basis of his findings that the ends of justice served by

taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The STA then lists several factors "which a judge shall consider in determining whether to grant a continuance" under the Act, including "whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice" and "whether the failure to grant a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. § 3161(h)(7)(B)(i), (iv). Here, the Court finds that, in light of the status of discovery in this case, the interests of justice served by continuing this action do indeed outweigh the interests of the public and of the defendant in a speedy trial.

The government has represented that it has produced nearly all evidence relating specifically to Mr. McHugh's case but concedes that certain material requested by defense counsel has not yet been turned over. In addition, Mr. McHugh's case cannot be viewed apart from the approximately six hundred other cases arising from the events of January 6, 2021. See Eight Months [Since the] Jan[.] 6 Attack [on the] Capitol, U.S. Att'y's Off. D.C., https://www.justice.gov/usao-dc/eight-months-jan-6-attack-capitol (last updated Sept. 14, 2021). This body of cases, all with overlapping evidence and discovery obligations, has led the government to commence a process referred to as "global discovery," whereby the government seeks to "provide the defense with all data that may contain [relevant] information, but in a manner that will facilitate search, retrieval, sorting, and management of that information." Gov't's Mem. Regarding Status of Disc. as of Aug. 23, 2021 [ECF No. 30] ("Aug. 23 Memo") at 2. The process has been slow-going, but, as this Court has recognized before, "[t]his is undoubtedly a complicated technical undertaking, and although the process has not been alacritous, the Court recognizes the

government's efforts to create a workable mechanism for defense counsel to review this voluminous data." See Order at 2–3, United States v. Padilla, Crim A. No. 21-214 (JDB) (D.D.C. Aug. 26, 2021) [ECF No. 34].  These efforts include creating two discovery platforms through third-party vendors and providing defense counsel with access to those platforms and the evidence hosted thereon.  See Aug. 23 Memo at 3–9; Gov't's Mem. Regarding Status of Disc. as of Sept. 14, 2021 [ECF No. 31] ("Sept. 14 Memo") at 2.

At the September 30 status conference in this case, defense counsel represented that she now has technical access to the government's Evidence.com database, which houses body-worn camera footage and a substantial chunk of U.S. Capitol Police surveillance footage.  But she also reported that she is unable to meaningfully access that evidence due to ongoing licensing negotiations between the Federal Public Defender and the database's vendor, Axon Enterprise.  Cf. Sept. 14 Memo at 2 (noting the need for such licensing negotiations).  The government has also delayed its timeline for providing defense counsel access to its other principal discovery database, Relativity.  Cf. id. at 4.  The government now hopes that the contract modifications and technical projects necessary to facilitate defense access to Relativity will be completed within the next month.  In the meantime, however, neither Mr. McHugh nor his counsel have access to the government's global discovery platforms, although the government has been producing global discovery materials through individualized productions on a rolling basis.  See id. at 5–6.

Given the outstanding case-specific discovery, the far-from-complete process of affording defense counsel access to the government's global discovery, and the sheer amount of evidence involved, the Court finds that failing to grant a continuance at this time would not leave a reasonable amount of time for either side to effectively prepare for trial with the requisite due diligence.  Even if defense counsel were provided with all of the outstanding material tomorrow,

she would likely not have time to review and assess that evidence, not to mention meaningfully incorporate it into a potential trial defense, within the time allotted by the STA.  The Court recognizes and sympathizes with Mr. McHugh's desire for his case to move forward.  And as indicated at the Sept. 30 status conference, the Court intends to receive a detailed update regarding discovery and to set a date for trial in this matter at the next status conference on November 1.  But as things currently stand, failing to exclude the intervening month from Speedy Trial Act calculations would directly impair the ability of Mr. McHugh's counsel to mount a case in his defense and indeed could result in a miscarriage of justice.

For the foregoing reasons, the Court finds, under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (iv), that the ends of justice served by excluding the time from September 30, 2021, through November 1, 2021, outweigh the interests of the public and defendant in a speedy trial.  Accordingly, it is hereby

**ORDERED** that the time period from September 30, 2021, through November 1, 2021, is excluded from the computation of time within which a trial must commence under the Speedy Trial Act.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: October 1, 2021