UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEAN MCHUGH,<br><br>Defendant. | Criminal Action No. 21-453 (JDB) |

### ORDER

Defendant Sean McHugh is charged with eight felonies and two misdemeanors in connection with his conduct at the U.S. Capitol on January 6, 2021.  See Statement of Facts [ECF No. 1-1]; Indictment [ECF No. 22].  He has been detained pending trial since his arrest on May 27, 2021, first by order of Magistrate Judge Kendall J. Newman of the Eastern District of California and then by order of Chief Judge Beryl A. Howell of this District.  See Arrest Warrant [ECF No. 5]; Mot. to Review Magistrate Judge's Detention Decision [ECF No. 15]; Min. Entry (June 25, 2021).  At the status conference held in this matter on November 1, 2021, defense counsel indicated an intention to file a pre-trial motion in this case.  Pursuant to 18 U.S.C. § 3161(h)(1)(D), all time between the filing and prompt disposition of such a motion will automatically be excluded from computation under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161 et seq.  Pursuant to the Court's order of November 3, 2021, any such pre-trial motion shall be filed by not later than December 2, 2021.  See Min. Order (Nov. 3, 2021).

But defendant's intention to file a motion in the future does not settle the question of whether the period between November 1, 2021 and the submission of that motion will be excluded for purposes of the STA.  Under the STA, the seventy-day clock for trial in criminal cases stops when "the judge grant[s] [a] continuance on the basis of his findings that the ends of justice served by taking

1

such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  The Act then lists several factors "which a judge shall consider in determining whether to grant a continuance," including "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice" and "[w]hether the failure to grant a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. § 3161(h)(7)(B)(i), (iv).

Here, the Court finds that, in light of the status of discovery in this case, the interests of justice served by continuing this action until defendant files his pre-trial motion do indeed outweigh the interests of the public and of the defendant in a speedy trial.  The vast majority of discovery specific to Mr. McHugh's case has already been disclosed to defense counsel, and the government's attorney represented at the November 1 status conference that any outstanding items will be turned over shortly, if they have not been already.  See Notice of Discovery (Round 2) (Nov. 4, 2021) [ECF No. 36].  But "global discovery," the process by which the government has been attempting to acquire, organize, and produce the terabytes of documentary, photographic, and video evidence related to the events of January 6th, is not close to completion.  See generally United States' Mem. Regarding Status of Discovery as of November 5, 2021 [ECF No. 37].  Ms. Emily Miller, the government's discovery coordinator, has expressed her belief that this process will be "substantially complete" by the end of January 2022, nearly three months from now.

Without doubt, it is regrettable that defendants—particularly incarcerated defendants like Mr. McHugh—must wait for their day in court for months on end due to the pace of the government's production of relevant evidentiary material.  On the other hand, as this Court has noted in the past, "[t]his is undoubtedly a complicated technical undertaking, and although the process has not been alacritous, the Court recognizes the government's efforts to create a workable mechanism for defense

counsel to review this voluminous data." See Order at 2–3, United States v. Padilla, Crim A. No. 21-214 (JDB) (D.D.C. Aug. 26, 2021) [ECF No. 34].  Ms. Miller's representations at the November 1 status conference confirm the continuing truth of that statement.

Given the outstanding case-specific discovery, the far-from-complete process of producing global discovery, and the sheer volume of evidence involved in this case, the Court finds that failing to grant a continuance until the filing of defendant's pre-trial motion would not leave a reasonable amount of time for either side to effectively prepare for trial with the requisite due diligence.  The Court recognizes and sympathizes with Mr. McHugh's desire for his case to move forward.  But as things currently stand, failing to exclude the time before the filing of his motion from Speedy Trial Act calculations would directly impair the ability of Mr. McHugh's counsel to mount a case in his defense and indeed could result in a miscarriage of justice.

For the foregoing reasons, the Court finds, under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (iv), that the ends of justice served by excluding the time from November 1, 2021 through December 2, 2021 or the filing of defendant's anticipated pre-trial motion, whichever is later, outweigh the interests of the public and defendant in a speedy trial.  Accordingly, it is hereby

**ORDERED** that the time period from November 1, 2021 through December 2, 2021 or the filing of defendant's anticipated pre-trial motion, whichever is later, is excluded from the computation of time within which a trial must commence under the Speedy Trial Act.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: November 9, 2021