# UNITED STATES DISTRICT COURT
for the
District of Columbia

United States of America
v.
Sean Michael McHugh

Defendant

)
)
)
)
)
)
)

Case: 1:21-mj-00436
Assigned to: Judge Harvey, G. Michael
Assign Date: 5/19/2021
Description: COMPLAINT W/ ARREST WARRANT

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Sean Michael McHugh ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☒ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority;
18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds;
18 U.S.C. § 1752(a)(4) - Engaging in Physical Violence in a Restricted Building or Grounds;
40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct on Capitol Grounds;
40 U.S.C. § 5104(e)(2)(F) - Physical Violence on Capitol Grounds;
18 U.S.C. § 231(a)(3) - Obstruction of Law Enforcement During Civil Disorder,
18 U.S.C. § 111(a)(1) and (b) - Assault Law Enforcement Officer with a Deadly or Dangerous Weapon;
18 U.S.C. § 1512(c)(2) - Obstruction of Justice/Congress.

Date: 05/24/2021

*Issuing officer's signature*

Digitally signed by G. Michael Harvey
Date: 2021.05.24 11:11:41 -04'00'

City and state:   Washington, D.C.

G. Michael Harvey, U.S. Magistrate Judge
*Printed name and title*

---

**Return**

This warrant was received on *(date)* 5/24/2021 , and the person was arrested on *(date)* 5/27/2021
at *(city and state)* Auburn, CA .

Date: 5/27/2021

*Arresting officer's signature*

SA Ryan Penna, FBI
*Printed name and title*

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.   2:21-mj-00089-JDP |
| SEAN MICHAEL MCHUGH ) | |
| Defendant ) | |

**FILED**
Jun 01, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

    [X] Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

    [ ] Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

[ ] **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    [ ] **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        [ ] **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        [ ] **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        [ ] **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        [ ] **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        [ ] **(e)** any felony that is not otherwise a crime of violence but involves:
        **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
        **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

    [ ] **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

    [ ] **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

    [ ] **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☒ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

| | |
|---|---|
| ☐ | Significant family or other ties outside the United States |
| ☐ | Lack of legal status in the United States |
| ☐ | Subject to removal or deportation after serving any period of incarceration |
| ☒ | Prior failure to appear in court as ordered |
| ☐ | Prior attempt(s) to evade law enforcement |
| ☐ | Use of alias(es) or false documents |
| ☐ | Background information unknown or unverified |
| ☒ | Prior violations of probation, parole, or supervised release |

OTHER REASONS OR FURTHER EXPLANATION:

Assaulting federal officers and use of bear spray

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     6/1/2021                              /s/ Kendall Newman
                                   KENDALL J. NEWMAN, United States Magistrate Judge

O AO 94   (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT
### Eastern District of California

**FILED**
Jun 01, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | COMMITMENT TO ANOTHER |
|---|---|
| V. | DISTRICT |
| SEAN MICHAEL MCHUGH | Case No. 2:21-mj-00089-JDP |

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| Eastern District of California | 1:21-mj-00436 | 2:21-mj-00089-JDP | District of Columbia |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**
___ Indictment   ___ Information   _X_ Complaint   ___ Other

**charging a violation of**   18   **U.S.C.**   § 1752(a)(1)

**DISTRICT OF OFFENSE**   District of Columbia

**DESCRIPTION OF CHARGES:**
Knowingly Entering or Remaining in any Restricted Building or Ground Without Lawful Authority

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: KEITH HOLLAND
Clerk, U. S. District Court
Eastern District of California
By_____ Deputy Clerk
Dated 6-2-21

**CURRENT BOND STATUS:**
___ Bail fixed at $_____ and conditions were not met
___ Government moved for detention and defendant detained after hearing in District of Arrest
___ Government moved for detention and defendant detained pending detention hearing in District of Offense
___ Other (specify)

**Representation**      ___ Retained Own Counsel   _x_ Federal Defender Organization   ___ CJA Attorney   ___ None

**Interpreter Required?**   _x_ No   ___ Yes   Language:_____

**DISTRICT OF CALIFORNIA**

**TO: THE UNITED STATES MARSHAL**

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

| 6/1/2021 | /s/ Kendall Newman |
|---|---|
| Date | United States Magistrate Judge |

**RETURN**

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

CLOSED

## U.S. District Court
## Eastern District of California - Live System (Sacramento)
## CRIMINAL DOCKET FOR CASE #: 2:21-mj-00089-JDP-1

Case title: USA v. McHugh

Date Filed: 05/27/2021
Date Terminated: 06/02/2021

Assigned to: Magistrate Judge Jeremy D. Peterson

### Defendant (1)

**Sean Michael McHugh**
*TERMINATED: 06/02/2021*

represented by **Alexandra Paradis Negin**
Federal Public Defender's Office
801 I Street
3rd Floor
Sacramento, CA 95818
916-498-5700
Email: lexi_negin@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

### Pending Counts

None

### Disposition

### Highest Offense Level (Opening)

None

### Terminated Counts

None

### Disposition

I hereby certify that the annexed Instrument is a true and correct copy of the original on file in my office.
ATTEST: KEITH HOLLAND
Clerk, U. S. District Court
Eastern District of California
By K. [signature]
Deputy Clerk
Dated 6·2·21

### Highest Offense Level (Terminated)

None

### Complaints

RULE 5(c)(3)

### Disposition

**Plaintiff**

**USA**                                represented by **Katherine Theresa Lydon , GOVT**

United States Attorney's Office
501 I Street
Suite 10-100
Sacramento, CA 95814
916-554-2722
Email: Katherine.Lydon@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/27/2021 | | RULE 5(c)(3) ARREST from District of Columbia. Case 1:21-mj-00436 as to Sean Michael McHugh (1). (Cannarozzi, N) (Entered: 05/27/2021) |
| 05/28/2021 | 1 | MINUTES (Text Only) for INITIAL APPEARANCE in RULE 5(c)(3) PROCEEDINGS as to Sean Michael McHugh held on 5/28/2021 via video conference before Magistrate Judge Jeremy D. Peterson re: District of Columbia case 1:21-mj-00436. All parties present and consented to proceed by video conference. The Federal Defender was appointed to represent the deft. The court advised the deft of his rights and the pending charges. The deft waived an ID hearing. The Govt moved for detention. Defense counsel requested the matter of detention be continued. So ordered. Detention Hearing set for 6/1/2021 at 02:00 PM in Courtroom 25 (KJN) before Magistrate Judge Kendall J. Newman. The court instructed government counsel under Rule 5(f) to comply with its disclosure obligations under *Brady v. Maryland.* Government Counsel: Katherine Lydon present. Defense Counsel: Lexi Negin present. Custody Status: in custody. Court Reporter/CD Number: Tiphanne Crowe. (Cannarozzi, N) (Entered: 05/28/2021) |
| 05/28/2021 | 2 | ORDER (TEXT ONLY) as to Defendant Sean Michael McHugh signed by Magistrate Judge Jeremy D. Peterson on 5/28/2021: Under Federal Rule of Criminal Procedure 5(f), the government is ordered to comply with its discovery obligations as required by federal law, including those duties imposed by Brady v. Maryland, 373 U.S. 83 (1963), and all applicable decisions interpreting Brady. This order does not relieve any party of any discovery obligation. The consequences for violating this order or the government's obligations under Brady may include sanctions, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges, among other consequences. (Cannarozzi, N) (Entered: 05/28/2021) |

| 06/01/2021 | 3 | MEMORANDUM. *in Support of Release* (Negin, Alexandra) (Entered: 06/01/2021) |
|---|---|---|
| 06/01/2021 | 4 | MINUTES (Text Only) for proceedings held via video conference (Zoom) before Magistrate Judge Kendall J. Newman: DETENTION HEARING as to Sean Michael McHugh held on 6/1/2021. All parties agreed to appear by Zoom. Defendant advised rights. The Government moved for detention. Defense argued for the release of the defendant. After hearing from parties, and for reasons stated on the record, the Court ORDERED the defendant detained without prejudice on the basis of flight risk and danger to the community and transported forthwith the District of Columbia. Defense asserted the defendant's right to preliminary examination in the District of Columbia and requested that the Pretrial Services Report be updated. The Pretrial Services Officer addressed the Court regarding the report. The Court requested that Pretrial Services contact agencies and update the parties with any information contained within the report if needed. The court re-instructed government counsel under Rule 5(f) to comply with its disclosure obligations under *Brady v. Maryland.* Government Counsel: Katherine Lydon present. Defense Counsel: Alexandra Negin present. Custody Status: In Custody. Court Reporter: Jennifer Coulthard. (Waldrop, A) (Entered: 06/01/2021) |
| 06/01/2021 | 5 | SHACKLING MINUTE ORDER issued by Courtroom Deputy for Magistrate Judge Kendall J. Newman on 6/1/2021: Pursuant to Local Rule 401, the Court hereby determined that the appropriate restraint level for Sean Michael McHugh is No Restraint at this time (USM # 47574-509). (TEXT ONLY ENTRY) (Waldrop, A) (Entered: 06/01/2021) |
| 06/01/2021 | 6 | ORDER OF DETENTION PENDING TRIAL signed by Magistrate Judge Kendall J. Newman on 6/1/2021 as to Sean Michael McHugh. (Zignago, K.) (Entered: 06/02/2021) |
| 06/01/2021 | 7 | COMMITMENT to ANOTHER DISTRICT signed by Magistrate Judge Kendall J. Newman on 6/1/2021 as to Sean Michael McHugh. Defendant committed to District of Columbia. (Zignago, K.) (Entered: 06/02/2021) |
| 06/02/2021 | 8 | TRANSMITTAL of DOCUMENTS re 7 Commitment to Another District on *6/1/2021* to * District of Columbia* *333 Constitution Avenue, NW* *Washington, DC 20001*. ** *Electronic Documents: 1 to 7 * (Zignago, K.) (Entered: 06/02/2021) |