UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 21-453 (JDB) |
| ) | |
| SEAN MICHAEL MCHUGH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO DISMISS COUNT FIVE
OF THE SUPERSEDING INDICTMENT**

Defendant Sean McHugh hereby moves to dismiss count five of the Superseding Indictment, pursuant to Fed. R. Crim. P. 12(b), for the reasons set forth in the district court's recent opinion in *United States v. Garret Miller*, 1:21-CR-119 (CJN), ECF No. 72. In *Miller*, the district court found that Miller's alleged conduct failed to fit within the scope of 18 U.S.C. §1512(c)(2). The same is true here. As discussed below, the reasoning in *Miller* applies equally to Mr. McHugh. Therefore, the Court should dismiss count five.

**ARGUMENT**

In *Miller*, the court found the word "otherwise" in §1512(c)(2) "critical to determining what §1512(c)(2) covers." *Id*. at 11. The court rejected the government's suggestion that "otherwise" "serve[d] as a clean break between subsections (c)(1) and (2)." *Id*. at 11-12. It explained that the government's proffered reading failed to "give meaning to the word 'otherwise,'" and rendered the word "pure surplusage." *Id*. at 12. The court further reasoned that the government's reading was inconsistent with *Begay v. United States*, 553 U.S. 137 (2008), in which the United States Supreme Court concluded that the Armed Career Criminal Act's ("ACCA") use of the word "otherwise" tied together the preceding and following words. *Id*. at

1

12-13. Specifically, the Supreme Court in *Begay* concluded that "the text preceding 'otherwise' influenced the meaning of the text that followed: it 'limited the scope of the clause to crimes that are *similar to the examples themselves*.'" *Id*. at 13 (quoting *Begay*, 553 U.S. at 143). The court went on to explain why cases that adopted the "clean break reading of 'otherwise' in §1512(c)(2)" were incorrect. *Id*. at 14-15.

The court also rejected the government's alternative reading of the statute – "that subsection (c)(1) contains specific examples of conduct that is unlawful under subsection (c)(2)" such that that the "link between" the two subsections "is that the unlawful conduct must relate to an 'official proceeding.'" *Id*. at 15 (citing *United States v. Montgomery*, 2021 WL 6134591, at *12). As the court explained, the problem with this alternative reading is that it renders the word "otherwise" superfluous because both subsections contain the phrase "official proceeding." *Id*. at 15-16.

The court concluded that "[s]ubsection (c)(2) is a residual clause for subsection (c)(1)," operating as a "catchall for the prohibition contained in subsection (c)(1)." *Id.* at 17. Under this interpretation, consistent with the Supreme Court's holding in *Begay*, the link between the two subsections is the conduct prescribed in subsection (c)(1), and "subsection (c)(2) operates to ensure that by delineating only certain specific unlawful acts in (c)(1) . . . – Congress was not 'underinclusive'" by allowing other ways to violate the statute that are similar to the conduct prohibited in (c)(1). *Id*. at 17-18.

Delving deeper, the court reasoned that the structure and scope of §1512 suggests that subsection (c)(2) has a narrow focus, because the other subsections criminalize specific conduct in narrow contexts. *Id*. at 20. The court further reasoned that while subsections (c)(2) and (c)(1) are different than the other subsections, because they prohibit an individual from taking certain

2

actions directly rather than towards another person, the language in subsection (c)(1) still "homes in on a narrow, focused range of conduct." *Id*. at 21.  The court explained that, by contrast, if §1512(c)(2) "signals a clean break" from subsection (c)(1), it would be inconsistent with the statute as a whole because it would be the only provision to not contain a narrow focus. *Id*.  The court reiterated that any different reading would improperly render subsection (c)(2) unnecessary.  *Id*. at 21-22.

The court also discussed how the historical development of §1512 supports the conclusion that §1512(c)(2) operates as a catchall to (c)(1). *Id*. at 23-25.  Per the court, the revisions to §1512(c) in 2002 filled a gap that existed because §1512(b) made it unlawful to cause "another person" to take certain actions but not for a person to take such action directly.  The 2002 enactment of 1512(c) fixed that problem and took much of its language directly from 1512(b). *Id*. 23-24. The fact that Congress took much of the language from a provision already contained in subsection (b), shows Congress's intent for subsection (c) to have a narrow, limited focus – just like subsection (b)(2)(B). *Id*. at 25.

Lastly, the court found that the legislative history also supports a narrow reading of subsection (c)(2). *Id*. at 26-28.  The court explained the evolution of §1512(c) resulted in a statute that ensured that individuals acting alone would be liable for the same acts that were prohibited in other parts of §1512. *Id.* at. 27-28.

For all those reasons, the court in *Miller* held that §1512(c)(1) limits the scope of (c)(2) and "requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding."[1] *Id*. at 28.

---

[1] The *Miller* court also explained that, even assuming *arguendo* its interpretation was incorrect, at the very least the Court would be left with "serious ambiguity in a criminal statute" requiring

Because the government did not allege that Mr. Miller took any action with respect to records or documents or "other objects," the court held that the indictment failed to state an offense against him. *Id*. at 29.

Here, just as in *Miller*, the indictment does not allege or imply that Mr. McHugh took any action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote. *See* Superseding Indictment, ECF No. 39. Therefore, it fails to allege a violation of §1512(c)(2).

Mr. McHugh respectfully urges this Court to adopt the analysis and reasoning set forth in *Miller*, and find that count five fails to state an offense against him because there is no allegation that he took any action with respect to records or documents.

## CONCLUSION

For the foregoing reason, the Court should (i) grant this motion; (ii) dismiss count five of the Superseding Indictment; and (iii) grant Mr. McHugh such other and further relief as the Court deems just and proper.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____

Maria N. Jacob
D.C. Bar No. 1031486
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
Maria_Jacob@fd.org

---

lenity. *Id*.

Sabrina Shroff
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500