# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **Case No. 21-CR-453 (JDB)** |
| | ) | |
| SEAN MICHAEL MCHUGH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR A PROTECTIVE ORDER PER FEDERAL RULE OF CRIMINAL PROCEDURE 49.1(e)

The Defendant, Sean McHugh (Mr. McHugh) by and through his Counsel, tenders his motion to for a protective order in keeping with Fed. R. Crim. P. R 49.1(e) in regard to prior erroneous reference made by the Government of Defendant's criminal history and in support thereof states as follows:

1. In the course of the litigation of this case, the Government has had occasion to raise the issue of Mr. McHugh's criminal history (*See* ECF 16).

2. The Government incorrectly cited to this criminal history by listing crimes of which the defendant has never been convicted, or in some cases, even charged.

3. This issue was raised by Mr. McHugh and his prior counsel in an effort to set the record straight (*See* ECF 17 at pp 5-6).

4. This effort was met with little to no success as the Government has, to date, taken no steps to correct the record regarding their prior erroneous assertions.

5. This failure to correct the record on the part of the Government has created numerous issues for Mr. McHugh, including being personally target through online communication

1

as a pedophile, as well as having the false representation of his past perpetuated via media outlets[1].

6.  The United States District of Columbia Probation Office has had occasion to enter their findings regarding the Criminal History Calculation for Mr. McHugh (*See* ECF at 66).

7.  Said findings specifically state the adjudication and resolution of the various incidents in Mr. McHugh's past and unequivocally demonstrate the erroneous nature of the Government's references and assertions as to Mr. McHugh's criminal history as the record clearly demonstrates the dismissal of certain allegations or the absence of others.

8.  This is particularly concerning where the erroneous application of said past is used to further the deprivation of Mr. McHugh's freedom or rights under the Constitution and the Bail Reform Act.

9.  Federal Rule of Criminal Procedure 49.1(e) states:

    *For good cause, the court may by order in a case:*
    *(1) require redaction of additional information; or*
    *(2) limit or prohibit a nonparty's remote electronic access to*
    *a document filed with the court.*

10. While there exists a well-settled common law right to the access of judicial filings in this country, "including judicial records and documents" in criminal and civil cases." *United States v. Criden (Criden I)*, 648 F.2d 814, 819 (3d Cir. 1981). *United States v. Konrad*, No. 11-15, 2011 U.S. Dist. LEXIS 43206, at *14 (E.D. Pa. Apr. 19, 2011), this, "right of access, while "automatic," is not "absolute." *Kemp*, 365 F. Supp. 2d. at 630. *United States v. Konrad*, No. 11-15, 2011 U.S. Dist. LEXIS 43206, at *20 (E.D. Pa. Apr. 19, 2011).

---

[1] https://www.sacbee.com/news/local/crime/article266368656.html

11. In this case, the filings Mr. McHugh is seeking this Court to place under a protective order are not part of the Indictment or any of the charging documents, nor are they anything more than historical matters which are only peripherally relevant to these proceedings as Mr. McHugh is not here before this Court on charges relating to his past.

12. As such, there exists no compelling public interest that should supersede Mr. McHugh's right to have his past remain private, particularly where the public has utilized the exposure to spread further false allegations about Mr. McHugh, damage which is now, irreparable.

13. The Courts have noted that, "[e]ven a strong presumption of access "may be outweighed by countervailing principles." *Kemp*, 365 F. Supp. 2d at 628 (citing *In re Newark Morning Ledger, Co.*, 260 F.3d 217, 221 n.6 (3d Cir. 2001); see also *Kushner*, 349 F. Supp. 2d at 902-03. On at least on occasion, in *Smith I*, the Third Circuit concluded an "individual's privacy or reputational interests" were able to "rise to the level of a compelling governmental interest and defeat . . . the public's common law right of access to charging documents in a criminal proceeding." (citing *Smith I*, 776 F.2d at 1112-13.) *United States v. Konrad*, No. 11-15, 2011 U.S. Dist. LEXIS 43206, at *26 (E.D. Pa. Apr. 19, 2011).

14. The granting of a protective order in this case will in no way prejudice the Government nor will it cause any vexatious delay in these proceedings, merely protect the rights and reputation of the Defendant and prevent further reputation assassination by unscrupulous members of the public at large.

    **WHEREFORE**, Defendant respectfully prays this Court make and enter its Order granting his *Motion* as set forth; find that good cause has been shown, in keeping with Fed.

R. Crim. P. R 49.1(e) for requiring the entry of a protective order in reference to the

Government's assertions regarding his criminal history; find that no party will be prejudiced

by this Order; and for such other and further relief as this Court shall deem just and proper on

the premise.

Respectfully submitted,

_____
Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th (14) day of October 2022, I filed the foregoing Motion For Protective Order Per Fed. R. Crim. P. 49.1(e) and a proposed Order by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____
Joseph W. Allen

4