UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-CR-453 (JDB) |
| | : | |
| SEAN MICHAEL MCHUGH, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR A PROTECTIVE ORDER

Defendant Sean Michael McHugh, who is charged in connection with events at the U.S. Capitol on January 6, 2021, has moved for a protective order under Fed. R. Crim P. 49.1(e) in connection with the Government's June 17, 2021 Response to the Request Review of the Detention Decision ("Response", ECF No 16). However, the Defendant has not articulated a personal harm that would overcome the strong presumption of public interest in access to a judicial filing. Moreover, it makes little sense to restrict public access to a document that has been publicly available for well over a year. Accordingly, this Court should deny his motion.

BACKGROUND

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election. While the certification process was proceeding, a large crowd gathered outside the United States Capitol, entered the restricted grounds, and forced entry into the Capitol building. As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.

1

During the riot on January 6, 2021, the Defendant entered the restricted area on the west side of the U.S. Capitol Building, where he antagonized law enforcement officers attempting to establish and hold a protective police line, used a megaphone to encourage the mob, and attacked law enforcement officers using dangerous weapons including a large metal sign and bear spray. Based on his actions on January 6, 2021, the Defendant was charged with violations of 18 U.S.C. § 111(a) (Assault on a Federal Officer), 18 U.S.C. § 111(a) and (b) (2 counts – Assault on a Federal Officer with a Deadly or Dangerous Weapon); 18 U.S.C. § 231 (Civil Disorder); 18 U.S.C. § 1512(c)(2) (Obstructing an Official Proceeding); 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) ((Entering and Remaining in Restricted Area with a Deadly or Dangerous Weapon), 1752(a)(2) and (b)(1)(A) (Disorderly Conduct in a Restricted Area with a Deadly or Dangerous Weapon), 1752(a)(4) and (b)(1)(A) (Physical Violence in Restricted Area with a Deadly or Dangerous Weapon); 40 U.S.C. §§ 5104(e)(2)(D) (Disorderly Conduct on Grounds), 5104(e)(2)(F) (Physical Violence on Grounds). *See* Superseding Indictment, ECF No. 39.

## ARGUMENT

There is a "presumption of openness" in criminal proceedings. *See United States v. Antar,* 38 F.3d 1348, 1358 (3d Cir.1994)). This presumption may only be overcome when justified by an "overriding interest articulated in findings" including particularized findings of a compelling, competing interest to be placed on the record. *Id.* (quoting *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 581, 100 S.Ct. 2814, 65 L.Ed.2d 973(1980)). Indeed, "[a] court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *Anthracite Capital, Inc., v. Deutsche Bank (In re Anthracite Capital, Inc.)*, 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013) (quoting *Geltzer v. Andersen Worldwide, S.C. (In re Geltzer)*,

No. 3339, 2007 WL 273526, at *2-3 (S.D.N.Y. Jan. 30, 2007)).  Furthermore, "[b]ecause all papers filed with the court are presumptively available for inspection by the public, the party seeking to seal or redact filings bears the high burden of proof." *In re Brown,* No. 18-00184, 2018 WL 5078438, at *1 (Bankr. D.D.C. Oct. 15, 2018) (internal citations omitted).

The Defendant seeks the entry of a protective order under Fed. R. Crim P. 49.1(e) "in regard to prior erroneous reference made by the Government of Defendant's criminal history." *See* Motion for a Protective Order, ECF No. 72 at 1.  Under Fed. R. Crim P. 49.1(e) the Court may either (i) order the redaction of information or (ii) limit the access of non-parties to documents filed with the Court.  Although it is not clear from the motion, presumably the Defendant is seeking this Court restrict access to the Response, which the Defendant alleges contains erroneous information and lists crimes to which the Defendant had "never been convicted, or in some cases, even charged."

However, the Defendant offers no authority indicating the Government may not offer the Defendant's arrest record in a pretrial detention hearing.  To the contrary, a defendant's numerous interactions with the criminal justice system is relevant in considering the Defendant's danger to the community, even where some of those interactions don't ultimately result in charges or convictions.   *See United States v. Taylor*, 289 F. Supp. 3d 55, 70 (D.D.C. 2018) (the nature and seriousness of the danger to the community factor is "broad[] in scope" and "requires that the Court to engage in an open-ended assessment of the 'seriousness' of the risk to public safety.").  Accordingly, a court may "consider prior arrests or charges brought against a defendant, even when those actions did not result in convictions." *Id*. (citing *United States v. Smith*, 160 F.Supp.3d 280, 284 (D.D.C. 2016); *United States v. Douglas*, 535 F.Supp.2d 118, 120 (D.D.C. 2008)); *see also United States v. Brown*, 516 F.3d 1047, 1053 (D.C. Cir. 2008) (a court may

3

consider an arrest record in determining an appropriate sentence within the Sentencing Guidelines range).

In this particular case, the Defendant has a very lengthy and complicated criminal history, including missing adjudications for several arrests.  Based on the information available at the time, the Pretrial Services Report (*United States v. Sean Michael McHugh*, Docket 2:21-MJ-89 (E.D.C.A.)) for the Defendant stated that the Defendant had been arrested for three rape offenses, a characterization repeated by the Government in its Response.  *See* ECF No. 16 at 20.  In the Reply, the Defendant asserted that he was only arrested twice for rape offenses.  *See* ECF No. 17 at 5 (the first arrest did not result in a conviction while the second, from 2009, resulted in a 2010 plea to charges of statutory rape and contributing to the delinquency of a minor).  Although the Defendant's criminal history included an arrest in 2015 for a rape offense, the Defendant stated the arrest actually related to a violation of the terms of probation for his 2010 plea.  *Id*.  To provide clarity to this and other aspects of the Defendant's criminal history, the Government and the Defendant's prior defense counsel jointly filed a Motion to Continue that requested this Court order the Probation Office to issue a pre-plea criminal history analysis of the Defendant.  *See* ECF No. 65.  Based on the resulting Probation Memorandum (ECF No. 66), the Government agrees that the Defendant's third arrest in 2015 likely related to his 2009 offense.

The Government takes seriously its obligation to be accurate and fulsome in its filings with this Court and apologizes that the description of the Defendant's offenses was inadvertently incorrect.  That said, the Defendant has not suffered a specific, articulable injury as a result.  While the Defendant's Motion states that he has been harassed for having been labeled as a pedophile (ECF 72 at ¶ 5), the Defendant provides no evidence that any harassment is based on the Government's characterization of his three arrests, instead of his actual plea to statutory rape and

intoxication of a 14-year-old girl.  While the Defendant has introduced one example of a media report referencing the language used in the Response, searching for the Defendant's name online primarily produces reports that focus on the Defendant's 2010 plea.[1]  Additionally, immediately following the Government's Response the Defendant submitted a Reply correcting the record (ECF No. 17 at 5), and now both the Defendant's Motion and the Government's Opposition are part of the public record, providing further clarity.  Accordingly, no specific injury to the Defendant can be ascribed to the Response.

Moreover, even if this Court did make a particularized finding of injury, it would truly be an extraordinary step to retroactively seal a filing that has been part of the public record for well over a year.  *See United States v. Cousins*, 858 F. Supp. 2d 614, 620 (E.D. Va. 2012) (denying the government's request to redact the names of witnesses from a transcript under Fed. R. Crim. P. 49.1(e) where those names had already been shared in open court); *United States v. Hardy*, No. CRIM. 09-151, 2011 WL 1877671, at *2 (W.D. Pa. May 16, 2011) (rejecting a request under Fed. R. Crim. P. 49.1(e) to retroactively seal records containing private information about the Defendant).  Fed. R. Crim. P. 49.1(e) was designed to allow the Court to address privacy and security concerns by redacting or sealing documents during filing.  *See, e.g.,* Fed. R. Crim. P. 49.1, Advisory Committee Notes (noting that Subdivision (e) is not "intended to affect the limitations

---

[1] *See* https://lawandcrime.com/u-s-capitol-siege/inside-the-statutory-rape-conviction-and-domestic-violence-history-of-the-accused-u-s-capitol-rioter-who-taunted-cops-as-protecting-pedophiles/ ("McHugh was slapped with two counts under California's Penal Code Section 261, one subsection penalizing rape by way of force, duress and menace and another by way of intoxication"); https://www.cnn.com/2021/06/04/politics/capitol-rioter-rape-charge/index.html ("McHugh was convicted in 2010 on a state charge of unlawful sex with a minor, according to California court records reviewed by CNN and lawyers involved in McHugh's cases."); https://www.nydailynews.com/news/national/ny-capitol-riot-suspect-who-called-pols-pedophiles-has-statutory-rape-conviction-20210604-iu5xcmwx6nbslms623dwtfi7a4-story.html; https://www.businessinsider.com/capitol-riot-man-said-police-protect-pedophiles-raped-teen-girl-2021-6.

on sealing that are otherwise applicable to the court"). The rule cannot turn back the clock on an injury that has already occurred.

## **CONCLUSION**

For the foregoing reasons, the Defendant's motion for a protective order should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ *Lynnett M. Wagner*
LYNNETT M. WAGNER
Nebraska Bar No. 21606
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (402) 661-3700
Fax: (402) 661-3081
E-mail:lynnett.m.wagner@usdoj.gov

*/s/ Benjamin Kringer*
BENJAMIN E. KRINGER
Detailed to the U.S. Attorney's Office
for the District of Columbia
D.C. Bar No. 482852
601 D Street, N.W.
Washington, DC 20001
benjamin.kringer2@usdoj.gov
(202) 598-0687