UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| v.                              ) | Case No. 21-CR-453 (JDB) |
| ) | |
| SEAN MICHAEL MCHUGH,   ) | |
| ) | |
| Defendant.               ) | |
| ) | |

## REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

**COMES NOW** Defendant, Sean McHugh (Mr. McHugh) by and through his counsel of record and submits his reply to the government's opposition for a protective order filed November 29, 2022 (*See* ECF at 77). The core thrust of the government's argument is (1) that the government has a legal interest in fully producing Mr. McHugh's criminal history and making the same part of the record, (2) that the public has a legal right to access the filings made in criminal proceedings, and (3) that the efforts taken by counsel on Mr. McHugh's behalf and the length of time which the injurious falsehoods regarding Mr. McHugh's past have remained open in the docket makes the request for a protective order moot.

Mr. McHugh does not dispute that the government has established precedent to introduce a criminal past for the court's consideration *inter alia* as it pertains to considerations for pre-trial release, nor does he dispute that in general it has been established that the public has a right to access judicial proceedings. Indeed, he made such observations in his motion (*See* ECF 72 at par. 10). What he does contest, with all adamancy, is that false information filed in a judicial proceeding, especially of such a nature as rape, falls within the public right to access and the

government's assertions that the efforts taken to correct the record by his prior counsel and the passage of time have made his motion moot.

1. **Protestive Filings do not Resolve the Fact of Erroneous and Harmful Allegation Being Openly Accessible by the Public.**

The government's assertions that the injurious falsehood made against Mr. McHugh has been remedied by subsequent filing is misguided at best. The fact remains that the false assertion still exists and is accessible. Further, such a notion makes several assumptions:

1. That a party who accesses this false information will read the entirety of the subsequent filings so as to educate themselves to the facts.
2. That a party who does take the time to review the rest of the docket will have the legal and technical knowledge to understand what they have read.
3. That a party, having read the entirety of the relevant docket entries, having the legal and technical knowledge to understand what they have read, will be persuaded to accept as fact that the allegations are false, AND that the party has the moral and ethical resolve to not exploit the false information for their own ends, be it publicity, sensationalism, or something specifically targeting Mr. McHugh.

The necessary sequence of assumption made strains all credulity and should be dismissed outright as a fallacious. Furthermore, Mr. McHugh has made legal argument, citing to case law, showing that the interests of the public are not absolute (*See* ECF 72 at par. 10 and 13).

The government's case law to which it cites in an attempt to demonstrate that retroactive protective orders have been denied is misleading. There is no similarity between the content for which a protective order was sought in those cases and in the instant case (*See* ECF 77 at pp. 5-

6). Furthermore, the government fails to produce any case law to support that FALSE information filed falls within the purview of public access or that such has been established by precedent.

2. **Passage of Time Does Not Render Moot Mr. McHugh's Motion for a Protective Order.**

The government also asserts that the fact that the injurious falsehood filed against Mr. McHugh, having been open to the public for some time, makes a protective order moot. This again strains all credulity and reason. What is being sought here is remedy for false information filed. This information, beyond its mere falsity, has inevitably evolved into a fictitious crime and characterization of Mr. McHugh, namely that of pedophile, producing threats against Mr. McHugh and his family. To assert that such damage, having been done, makes the request for a protective order of no consequence is no different than if a doctor, upon being informed that a patient was bleeding out, simply shrugged and remarked that as he has already been bleeding out for a while it makes no sense to attempt to stop the bleeding.

## Conclusion

Mr. McHugh is not asking this Court to place a protective order on his entire criminal history, merely those filings which contain injurious falsehood. Mr. McHugh is a young man with a life ahead of him, regardless of the outcome of this case. To permit a false and injurious assertion and characterization to remain as part of a public record will have devastating and lifelong consequences, not just to Mr. McHugh, but to his family as well. The remedy is simple and requires no great effort on the part of this Court and cannot prejudice anyone since it does not conceal a matter of fact from the public eye, only a false one.  If there ever was good cause

shown for why the Court should exercise its discretion to issue a protective order under Fed. R. Crim. P. R 49.1(e) surely it is under these circumstances.

**WHEREFORE**, Mr. McHugh respectfully prays this Court deny the government's objections; find that good cause has been shown for the issuance of a protective order; find that no prejudice from the issuance thereof will ensue; and for such other and further relief as this Court shall deem just and proper on the premise.

Respectfully submitted,

_____
Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December 2022, I filed the foregoing Reply by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____
Joseph W. Allen