UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 21-CR-453 (JDB) |
| ) | |
| SEAN MICHAEL MCHUGH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY AND EVIDENTIARY HEARING IN SUPPORT OF HIS CLAIM OF SELECTIVE PROSECUTION**

**COMES NOW** Defendant, Sean Michael McHugh (Mr. McHugh), by and through undersigned counsel, and in reply to the Government's Response and Objections to his Motion for Discovery and Evidentiary Hearing states as follows:

**Underlying Principles**

While the Government made various argument regarding both the content and form of Mr. McHugh's motion, they cannot detract from or deny that the underlying principles of his motion are not simply questions of law or technicality. Indeed, there is a failure to recognize that the entirety of the relief sought is equally in the best interests of all parties herein. Especially as pertains to the Interests of Justice which, an adversarial system of law notwithstanding, is the oath and aim of all who have chosen to serve at the feet of Lady Justitia.

Mr. McHugh's motion is a work of deductive logic that seeks for the remedy of either proving or disproving the evidence adduced. It is important to note that Mr. McHugh does not make a definitive allegation as to whether or not the Government IS selectively prosecuting, but rather that in light of the myriad of data points that have presented themselves to the public eye

1

since the time of his indictment, a colorful case of selective prosecution has been made, well exceeding mere suspicion. Therefore, where evidence exists that raises a question that mere coincidence cannot account for, as in the present case, the matter demands an answer via discovery, particularly where such discovery bears a direct and immediate consequence to the case.

Further, this kind of inferential discovery request is novel under the circumstances and does not fall within the purview of Fed. R. Crim. P. 16(a)(2) since the materials described therein are regarding what amounts to work product on the part of the government in relation to a specific case. In Mr. McHugh's motion, he is not seeking materials exclusive to his case, but for materials relevant to selective prosecution of January 6 Defendants and their cases as a whole. A chain of deductive reasoning that seems to grow in strength with each new news update regarding the politically motivated weaponizing of our various pillars of government.

As a novel-under-the-circumstances request for discovery, this idea of producing discovery on the basis of reasonably inferred evidence, or circumstantial evidence if you will, has been upheld by the D.C. District Court which stated,

"The court concludes that this is a permissible inference for plaintiffs to pursue in discovery. Circumstantial evidence is defined as "proof that does not actually assert or represent the fact to be proven but from which a factfinder can infer an increased probability that the fact exists." Mueller & Kirkpatrick, *Evidence* § 4.1 (1995). Certainly the inference that plaintiffs seek to establish fits within this definition. Whether any circumstantial evidence that plaintiffs may unearth will ultimately be admissible at trial is an issue that need not be considered at this time.

*Alexander v. FBI*, 186 F.R.D. 1, C.A. 96-2123, Memorandum and Order at 6-7 (D.D.C. Apr. 13, 1998). Thus, on April 13, 1998, the Court found that information relating to the obtaining and misuse of Tripp's government files is discoverable in this case." *Alexander v. FBI*, 186 F.R.D. 123, 124-25 (D.D.C. 1998)

Mr. McHugh's request for discovery in this case mirrors that of the requested granted in *Alexander v. FBI* and therefore precedent exists to grant his request.

**If-Then**

It is also important to note that Mr. McHugh's request for discovery has only two possible outcomes.

1. There exists no material responsive to his request which would demonstrate immediately to Mr. McHugh and to the American public at large that they can continue to place their trust and confidence in the stewardship of the Department of Justice to provide equality of justice.

2. There exists material responsive to his request which demonstrates that the Department of Justice has been corrupted as a tool of politics in direct violation of the separation of powers as set forth in the United States Constitution's Vesting Clauses.

If the first is true, then it is in the best interests of all parties herein to have the matter resolved and put to rest by the attestation of the Government that no such discovery responsive to Mr. McHugh's request exists. Having done so, this issue will, across all the other January 6 cases pending before the Courts, be resolved. Such resolution will have the incidental effect of aiding in the expediting of these cases and reduce, to some degree, the burden on the Courts in having to make and enter its orders regarding the same or similar discovery motions.

If the second is true, then it is the duty of this Court and the agents of the Department of Justice to bring such betrayal to light. Indeed, to deny such a request is to blatantly and willfully subvert the cause of justice. Such obfuscation and the upholding thereof, by necessity, makes all involved accessories to the subversion.

Indeed, under the oaths taken in the holding and serving in such office as sees to the administration of justice in this country, it confounds all reason that such a request for discovery,

under the showing of a pattern of conduct as was set forth by Mr. McHugh in the underlying motion, would be challenged at all by the Government. Even if there exists a rule or law which would provide grounds for argument of denial, the question still glares, why do so? Such an attempt to argue against the granting of the motion only adds to the growing body of proof that there is in fact something which the Government wishes to hide regarding its prosecutorial practices.

### Discovery Sought is Narrowly Tailored and Safeguarded by the Prayer for an Evidentiary Hearing

The request for discovery made by Mr. McHugh cannot be challenged on the basis of being overly broad or vague. He is seeking only those materials which would show evidence of selective prosecution against January 6 Defendants on the part of the Department of Justice. This cannot be construed beyond the literal wording of the requested content and does not stray beyond the single issue of January 6 cases.

Further, for sake of argument, let us assume that there are materials responsive to Mr. McHugh's request but perhaps they require context for the nature and intent to be fully understood. Mr. McHugh has also included a prayer for that remedy in the form of an evidentiary hearing whereby any materials responsive to his request might be explained before this Court. Such a hearing would aid in preventing such discovery materials from being misconstrued or from taxing the Court with a plethora of motions which might arise from the production of said discovery.

**Conclusion**

Mr. McHugh's motion for discovery is amply supported by a compelling body of inferential evidence that even one untrained in the rigors of deductive reasoning is capable of seeing. Such evidence requires that the Court make and enter its Order for the Government to produce materials in their possession which would demonstrate selective prosecution against the January 6 Defendants on the part of the Department of Justice. The making and entering of this Order is not only in the interests of justice, but also can only have two outcomes. Either materials do exists demonstrating a pattern of selective prosecution, or they do not. In either event, this question of selective prosecution is answered both in this case, and in the January 6 cases at large. The answer to this question, regardless of outcome, can only have the effect of benefiting the administration of justice and the nation as a whole. Either the sanctity and impartiality of the Department of Justice is upheld and the speculations and allegations are put to rest definitively, or corruption is exposed and can be appropriately dealt with to the health and benefit of all.

**WHEREFORE** Mr. McHugh prays this Court deny the Government's Objections and Response to his Motion for Discovery; find that both law and the administration of justice require an order for the production of the discovery materials as prayed; find that a compelling body of inferential evidence exists to adequately substantiate the Defendant's request for Discovery; find that the additional prayer for an evidentiary hearing is an appropriate safeguard to give both parties an opportunity to review and argue any materials relevant to the request before this Court for their contextual germaneness; find that the requested discovery is sufficiently tailored to the issue; and for such other and further relief as this Court shall deem just and proper on the premise.

Respectfully submitted,

_____
Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 17th day of February 2023, I filed the foregoing Reply to the Government's Response and Objections to Defendant's Motion for Discovery and an Evidentiary Hearing in Support of Defendant's Claim of Selective Prosecution by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____
Joseph W. Allen