UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 21-CR-453 (JDB) |
| ) | |
| SEAN MICHAEL MCHUGH, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OMNIBUS MOTIONS IN LIMINE**

**COMES NOW** Defendant, Sean McHugh, by and through undersigned counsel, and respectfully moves this Court to enter its ruling that the following items and matters are precluded and excluded from being presented at trial in the above-mentioned case.

1. **MOTION TO PRECLUDE IRRELEVANT TESTIMONY OF LAW ENFORCEMENT OFFICERS**

Defendant moves this Court to preclude any irrelevant and highly prejudicial testimony by law enforcement that serves no probative value to any fact in this case. Namely, that the government be precluded from attempting to present context testimony from any law enforcement officer or agent as to the events of January 6, 2021, and in support thereof states:

**Background**

The government has proposed stipulation to the testimony of law enforcement in this case. While it may be that there are officers who had contact with the Defendant, anything beyond testimony regarding this contact would not only be irrelevant, but has no probative value. Such testimony could only be for the purposes of inflaming the jury with accounts of

the behavior and actions of others who are neither part nor party to this case and would have no other result than to be highly prejudicial.

## Argument

The Federal Rules of Evidence 401 and 403 form the basis for Defendant's objections. Rule 401 states, "Evidence is relevant if: (a. It has a tendency to make a fact more or less probable than it would be without the evidence: and (b. the fact is of consequence in determining the action." Testimony from any law enforcement officer regarding anything other than the simple facts of their individual contact with the Defendant falls outside of the scope of relevance as permitted by Rule 401.

Rule 403 states: "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Even if the testimony of law enforcement beyond their contact with the Defendant were deemed relevant to the issues in this case, Rule 403 precludes this evidence from being admitted. It is undisputable that the events of January 6, 2021, are highly controversial and have spawned years' worth of investigations and commentary in a dramatically public forum. Thus, for the jury to be presented testimonial evidence beyond the scope of the issues and allegations of this case will have no other effect than to confuse the issues, mislead the jury, and will undoubtedly produce unfair prejudice against the Defendant. In short, the Defendant is not on trial for January 6, 2021, but for actions he and he alone is alleged to have committed. Testimony that strays beyond this narrow scope is grossly improper and precluded by Rule 403.

## 2. MOTION TO EXCLUDE VISUAL OR AURAL EVIDENCE DATED JANUARY 6, 2021, THAT IS NOT SPECIFICALLY RELATED TO THE DEFENDANT AND THE ALLEGATIONS OF THE INDICTMENT

Defendant moves this Court to exclude any visual or aural evidence dated January 6, 2021, that is not directly relevant to him, or the allegations contained in the indictment. This includes video or audio presentations that would attempt to contextualize the events of January 6, 2021, video or audio evidence that is taken from areas of the Capitol where the Defendant was never present, and video or audio evidence of events or actions not committed by the Defendant and in support thereof states:

### Background

At this time, the government has not submitted what, of the tens of thousands of videos and audio records made available through discovery and public record, they intend to offer as evidence in this case. However, it has been noted by the Defendant that the government has, in a vast majority of these January 6 case, sought to introduce visual and audio evidence that was well outside the scope of the allegations contained in the indictments. In many cases, these visual and audio recordings are dramatically prejudicial as the events they portray have nothing to do with the individual defendant or the charges of the indictment.

### Argument

The Federal Rules of Evidence 401 and 403 form the basis for the Defendant's objection. Rule 401 states, "Evidence is relevant if: (a. It has a tendency to make a fact more or less probable than it would be without the evidence: and (b. the fact is of consequence in determining the action." Rule 403 states: "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The government has made it a common practice across the various January 6 cases to attempt to introduce visual and aural evidence that is beyond the scope of the individual defendants and the allegations for which they stand trial. These have included such presentations as montage type videos of January 6, 2021, brief clips of events or incidents inside and outside of the Capitol, clips of news broadcasts that are archived from January 6, and etc. Whether deliberate or not, the effect of these types of visual and aural displays is to prejudice the jury by insinuating association between the entirety and totality of January 6, 2021, and the individual defendants. This attempt to evince an impression in the mind of the jury of joint and several guilt for January 6, 2021 as a whole is decidedly misleading, confusing the issues, and dangerously prejudicial. Further, these unrelated videos and audios are grossly irrelevant.

The Defendant here stands accused of narrowly tailored and specific allegations as contained in the indictment. Therefore, the evidence to be introduced at trial must be equally narrow in its scope. The government must be restricted in their presentation of visual and aural evidence to that which is directly relevant to the specific charges contained in the indictment as anything more is, as noted above, precluded by Rule 401 and 403.

3. **MOTION TO EXCLUDE STATEMENTS MADE BY THE DEFENDANT THAT ARE PROTECTED BY THE FIRST AMENDMENT**

Defendant moves this Court to preclude the government from introducing as evidence any purported statement or opinion made by the Defendant not arising from January 6, 2021, which would tend to attempt to portray the Defendant in a certain light to the jury as the same is

irrelevant and grossly prejudicial. Further, such attempts are violative of the Defendant's First Amendment protections of freedom of speech and in support thereof states:

## Background

The government has produced the results of a blanket social media warrant for the Defendant. It is unclear at this time what, of the numerous items seized, the government intends to offer as evidence. Among the items seized are numerous opinion posts made by the Defendant, many of which pre-date January 6, 2021. These social media posts depict certain political opinions and expressions by the Defendant which are irrelevant to the allegations contained in the indictment.

## Argument

Statements which express opinions on political, public, religious, or other issues of a public nature that do not create a clear and present danger may not be used to prosecute the Defendant, Mr. McHugh. *See Hess v. Indiana,* 414 U.S. 105 (1973); *Brandenburg v. Ohio*, 395 U.S. 444 (1969); *Schenck v. United States*, 249 U.S. 47 (1919); *Meyer v. Grant*, 486 U.S. 414, 421 (1988).

Nothing stated by the Defendant comes anywhere close to the clear and present danger standard required for their use in a criminal prosecution. As *Brandenburg* held, two conditions must be met to impose a criminal liability for speech that incites others to illegal actions. First, the government must show that the speech will produce imminent harm. Second, there must be the likelihood that the incited illegal action will occur and an intent by the speaker to cause imminent illegal actions. The *Brandenburg* precedent remains the principal standard in this area of First Amendment law.

Nothing the Defendant expressed as his personally held belief or opinion can be construed to be an exception to the *Brandenburg* precedent. Further, the Defendant is not charged as a conspirator, organizer, or planner of the events of January 6, 2021, and therefore there is nothing relevant or probative to the allegations of the indictment contained in his protected statements. Therefore, in light of the forgoing, the government must be precluded from introducing as evidence statements purported to be made by the Defendant which are protected by the First Amendment.

4. **MOTION TO EXCLUDE BEAR DETERRENT CANNISTERS SEIZED DURING SEARCH WARRANT AND ANY SUBSEQUENT TESTIMONY, EXPERT OR OTHERWISE, IN REFERENCE THERETO**

Defendant moves this Court to exclude as evidence the introduction of the cannisters of bear deterrent seized at his residence during the search warrant executed therein on May 27, 2021 and any proposed testimony, expert or otherwise, thereto. The government has not identified the cannisters seized as the same allegedly in the Defendant's possession at the Capitol on January 6. 2021, merely noting similarity. Therefore, the cannisters in the government's possession are not evidence of anything alleged in the indictment and the same is irrelevant and prejudicial as is any proffer of testimony regarding the cannisters. In support thereof Defendant states:

**Background**

The Defendant is charged with the use of a chemical irritant on January 6, 2021. The government has utilized this allegation to enhance several of the charges contained in the indictment against the Defendant to include "dangerous weapon". The government did not recover the cannister that was on the Defendant's person on January 6, 2021, however, upon execution of a search warrant at his residence on May 27, 2021, two cannisters of bear deterrent were seized from the Defendant's home.

**Argument**

Evidence in a case must be factually relevant to the crimes alleged. Federal Rules of Evidence 901 requires that there be authentication and identification of evidence. The government cannot produce any authentication or identification related to the cannister that was in the Defendant's possession on January 6, 2021, as that cannister was never recovered. Further, the government cannot produce any photographic evidence that can uniquely identify the cannister that was in the Defendant's possession on January 6, 2021. Therefore, the cannisters that are in the government's possession are inadmissible, irrelevant, and immaterial to the issues as they are not proof of any fact in this case. Further, as the cannisters in the government's possession cannot be authenticated or identified, the government is also barred from attempting to introduce any evidence or testimony, expert or otherwise, about the cannisters and their contents as the same is irrelevant and immaterial.

5. **MOTION TO EXCLUDE ALL SEIZED ELECTRONIC EVIDENCE FOR WHICH PROPER FOUNDATION AND AUTHENTICATION IS NOT LAID**

Defendant moves this Court to exclude as inadmissible all electronic evidence seized from any device or cloud-based repository assumed to be held by or in the Defendant's name unless proper authentication and foundation is laid. The government has not identified what, if any, specific evidence seized they intend to offer as evidence, however, the government has proposed a stipulation to the authenticity and foundation of electronic evidence. Such evidence will not be stipulated to by the Defendant and the government must meet the burden of proving chain of custody, authenticity, and foundation of each and every proposed exhibit and in support thereof states:

**Background**

On May 27, 2021, the FBI executed a search warrant at the Defendant's residence and seized multiple electronic items. Subsequent search warrant execution produced the device and cloud-based contents of these devices which included social media and text messages purported to be made by the Defendant. It is more likely than not that the government will attempt to introduce certain text and social media messages as evidence in this case as certain messages have been referenced previously in other filings.

**Argument**

Federal Rules of Evidence 901(a) states: "IN GENERAL. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."

In order to introduce as evidence the electronic items and their contents seized, the government must do more than just authenticate from where they were recovered. The electronic evidence is purported to be the property of the Defendant containing statements or communications made by the Defendant. As such, an essential component to the foundation and authenticity of any such evidence is the testimony of the Defendant that the purported messages and statements were made by him and not some other party or person who had access to his devices. This is the only way in which the government can meet the burden of authenticating and identifying such evidence as without it, there is no evidence sufficient to support a finding that the item is what the government claims it is, namely, statements made by the Defendant. Thus, barring the testimony of the Defendant laying the foundation for and authenticating each individual proposed exhibit, this Court must exclude all such proposed evidence.

### 6. MOTION TO PRECLUDE THE GOVERNMENT FROM REFERRING TO THE DEFENDANT BY SUCH TERMS AS RIOTER, ASSAILANT, EXTREMIST, OR OTHER INFLAMMITORY TERMS

Defendant moves this Court to preclude the government from referring to him in such inflammatory terms as would tend to color the jury's attitude of impartiality. Cases involving January 6 Defendants are highly politically and emotionally charged in the public eye. Referring to the Defendant by other than his name or as "the Defendant" will dangerously inflame and prejudice the jury and does, *de facto*, insert a presumption of guilt and in support thereof states:

### Background

The events of January 6, 2021, have been publicized and characterized in many ways. Among these, such terms as a "violent riot", "assailants", "extremists", and many other variations on these themes, have been bandied about. These terms have also been applied to the defendants individually. These terms are matters of public opinion.

### Argument

The Defendant has noted the general derogatory nature of the references to himself and other so situated due to the events of January 6, 2021, among the public at large. This sweeping and universal characterization has brought these cases and defendants into the court of public opinion for trial by emotion. The court of public opinion has no place in the Court of Law.

Reference to an individual by such terms as "rioter" or "extremist" are terms denotative of an individual's character. Federal Rules of Evidence 404 and 405 govern the use of character evidence in criminal proceedings. Nowhere in either of these Rules is it permitted to characterize a defendant based on the allegation of the case at hand. All such evidence must, in keeping with the criteria set forth in the Rules, be confined to an attempt to prove motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident (Rule 404) which is predicated on prior, not current, character. For the government to use such terms in referring to the Defendant, they effectively circumvent the Rules governing the admission of character evidence.

Further, the Defendant is presumed innocent until proven guilty. As such, were the government permitted to refer to him by other than his name or his status as the Defendant in the presentation of their case, the same would unavoidably produce bias and pre-judgment from the jury. Such terms are inflammatory and unnecessary for the presentation of this case. In light of the Rules governing the admission and use of character evidence and the unavoidable and irreparable harm to the impartiality of the jury the use of such terms would have, this Court must preclude the government from referring to the Defendant by other than his name or his status as the Defendant.

Respectfully submitted,

_____
Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the second (2) day of March, 2023, I filed the foregoing Omnibus Motions in Limine, and a proposed Order by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____
Joseph W. Allen