UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 21-CR-453 (JDB) |
| ) | |
| SEAN MICHAEL MCHUGH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RESPONSES TO THE GOVERNMENT'S OMNIBUS MOTIONS IN LIMINE**

**COMES NOW** Defendant, Sean M. McHugh, and for his response to the Government's Omnibus Motions in Limine states as follows:

1. Defendant has no objection to the *Government's First Motion in Limine to Limit Unnecessary Discussion of Security-Related Topics* and proceed *in camera* should a question under this issue arise.

2. Defendant has no objection to the Government's *Second Motion in Limine to preclude Defendant from Arguing Entrapment by Estoppel, Public Authority, or Entrapment* in so far as the same would constitute a theory of defense. Defendant would object if the Government seeks to exclude elements of his testimony, should he choose to take the stand, which would include what he personally experienced and his state of mind on January 6 2021. If the Government would clarify further on this point, Defendant will be able to provide a full response, if applicable.

3. Defendant objects to the Government's *Third Motion in Limine to Preclude Defendant from Suggesting his Speech or Conduct was Protected by the First Amendment*. The Government seeks to strip any and all First Amendment protections from statements made by the Defendant in this motion. This sweeping motion includes opinion statements made on social media all the way to an invisible demarcation around the Capitol Building which is suggested to be evidence of a restricted area.

**Argument**

The Government makes it clear that they are seeking the admission of such statements as a means of demonstrating and establishing motive and intent. It is noted that the Government also makes the distinction that Mr. McHugh is not being prosecuted for his exercise of his First Amendment Right. However, even under this narrowly tailored use, the Government does not have carte blanche to introduce any statement made by the Defendant which could be considered to be controversial or a matter of personal opinion.

The Government also cites to such cases which deal with concerns over motive and intent, allowing the use of otherwise protected speech in a criminal trial. However, this is a narrow standard as there must be a clearly demonstratable link between the protected speech and the allegation. Indeed, it has been held that "such testimony is to be scrutinized with care to be certain the statements are not expressions of mere lawful and permissible difference of opinion with our own government or quite proper appreciation of the land of birth" "*Wisconsin v. Mitchell*, 508 U.S. 476, 489, 113 S. Ct. 2194, 2202 (1993).

The Government cites to its burden of proving motive and intent, and rightly so, however, this by necessity requires the establishment and demonstration of a direct causal link between the otherwise protected speech and the alleged crime. Neither intent nor motive are

general concepts and therefore both the intent and the motive to commit the alleged crimes must be demonstrated in the use of the protected speech under the narrow provisions thereof.

The use of protected speech in a criminal trial, even where exception exists, must be weighed carefully by the trial court in light of Fed. R. Evid. 403 which states, "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." In the instant case, given the political climate of the nation at large, the admission of opinions expressed by the Defendant which would tend to express a political persuasion would be dangerously and unfairly prejudicial if presented to a jury. Therefore, this Court should exclude all such proposed evidence, even where permitted by law.

To the second issues raised, the Defendant objects to the Government's motion to exclude the defense from arguing First Amendment protections to demonstrating at the Capitol. This is a sweeping motion that fails to take into account that permits to be present and to protest where obtained for January 6, 2021 and that there remains much controversy over when and where any physical barriers or posted signs were physically present. The photo the Government included in its motion represents an invisible demarcation around the Capitol. Therefore, while the defense notes and concedes that there are times and occasions where the exercise of the First Amendment is prohibited by law, barring clear evidence of both time and location on the part of the Government showing that at the time and place of the crimes alleged the Defendant was exercising his First Amendment Right unlawfully, the Government's motion is overbroad and cannot be granted. At the very least, this issue should be preserved for ruling at trial upon the close of the Government's case in chief when they will have been afforded an opportunity to

demonstrate that at the time and place of the alleged crimes, the Defendant was exercising his First Amendment Right unlawfully.

4. Defendant has no objection to the Government's *Fourth Motion in Limine to admit Certain Statues and Records.*

5. Defendant has no objection to the Government's *Fifth Motion in Limine to Preclude the Defendant from Arguing or Commenting in a Manner That Encourages Jury Nullification* provided the same does not preclude the defense from presenting evidence or testimony which would be rebuttal to any character or historical evidence the Government has presented regarding the Defendant. This includes tailoring questions by the defense during *voir dire* which reflect the evidence and testimony which the Government intends to use at trial to make every effort toward a fair and impartial jury.

6. Defendant has no objection to the Government's *Sixth Motion in Limine to Admit Defendant's Out of Court Statements as Statements by a Party Opponent* provided, as stated by the Government, proper foundation is laid.

7. Defendant has no objection to the Government's *Seventh Motion in Limine to Preclude the Defendant's Use of His Own Out of Court Statements as Inadmissible Hearsay* and concurs with the Government's application and argument in reference to Rule 801 and 106 in this context.

Respectfully submitted,

*/s/ Gall*

_____
Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March 2023, I filed the foregoing Response to the Government's Omnibus Motions in Limine by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

*/s/ Gall*

_____
Joseph W. Allen