## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **Case No. 21-CR-453 (JDB)** |
| ) | |
| **SEAN MICHAEL MCHUGH,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## DEFENDANT'S SECOND OMNIBUS MOTIONS IN LIMINE

**COMES NOW** Defendant, Sean McHugh, by and through undersigned counsel, and respectfully moves this Court to enter its ruling that the following items and matters are precluded and excluded from being presented at trial in the above-mentioned case.

### 1. MOTION TO EXCLUDE ALL CO-CONSPIRATOR STATEMENTS AND HEARSAY

Defendant respectfully moves this Court to exclude any and all out of court statements purportedly made by any co-conspirator(s), whether indicted or unindicted, which directly or indirectly refer to Mr. McHugh, or which would otherwise be used to incriminate him, and for the preclusion of such statements at trial.

### Argument

While anticipating that any such statements the Government proposes to introduce will be argued as admissible under Fed. R. Evid. 801, said Rule narrowly permits such evidence only if made, "by a co-conspirator of a party during the course and in furtherance of the conspiracy." Fed R. Evid. 801(d)(2)(E). For a declaration by a co-conspirator to be admissible under this subsection of Rule 801, the Government must establish by a preponderance of the evidence the following: (1) that a conspiracy existed, (2) that the defendant and the declarant were members

1

of that conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy. See *United States v. Beckham*, 968 F.2d 47, 51-52 (D.C. Cir. 1992).

Thus, any such proposed hearsay must be carefully reviewed by the Court before their admission and should be admitted only if the Government satisfies the burdens set forth above. In order to minimize the prejudicial impact of such statements, the Court should make a determination as to their admissibility before these statements are presented to the jury. Should the Government fail to satisfy its burden or fail to make the requisite connection, the jury will have heard the damaging statements. Even if this Court were to give a curative instruction, the jury will have difficulty not considering the statements in their deliberations.

Moreover, Mr. McHugh has a right to impeach all declarants, even if they are not physically testifying in Court. Failing to provide the opportunity to do so by pre-trial notice of such intended declarants may result in a mid-trial continuance, or even mistrial or reversal, and would needlessly waste the Court's resources. Mr. McHugh submits that it would be far more efficient to require the Government to meet this burden pre-trial, or at least in advance of the admission of such testimony. At the very least, the Government should be required to name all of its unindicted co-conspirators whose out-of-court statements may be used. Else, barring this remedy, this Court should, under Fed. R. Evid 801(d)(2)(E) exclude and preclude the Government from the use of such statements.

## 2. MOTION TO EXCLUDE ANY STATEMENTS MADE BY THE DEFENDANT TO A GOVERNMENT OFFICAL OR AGENT WHERE CLEAR AND EXPLICIT EVIDENCE OF THE VOLUNATRINESS OF SUCH STATEMENT IS ABSENT

Defendant respectfully prays this Court preclude the Government from introducing any statements made by him to any government official or agent thereof at trial unless it has been

proven, outside of the presence of the jury, that there was a voluntary and intelligent waiver of a known right.

## Argument

Statements made to any government official, or agent fall under the scrutiny of *Miranda v. Arizona*, 384 U.S. 436 (1966), or 18 U.S.C. § 3501 in terms of their voluntary nature and how obtained. Defendant raises the issue of voluntariness with regard to any and all statements made by him to any government official or agent and therefore, when the voluntariness of a statement is brought into question, due process requires that the trial judge determine the voluntariness of the confession outside the presence of the jury. See *Jackson v. Denno*, 378 U.S. 368 (1964). Title 18, U.S.C. § 3501(b) sets forth some of the factors a trial judge should consider in determining voluntariness:

> (b) the trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to may any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession. The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession."

In determining whether there has been a voluntary and intelligent waiver of a known right, the court must consider the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused. *United States v. Rodriguez-*

*Gastelum*, 569 F.2d 482, 488 (9th Cir.), cert. denied, 436 U.S. 919 (1978); *David v. North Carolina*, 384 U.S. 737 (1966).

The Government bears the burden of proof, by a preponderance of the evidence, that an inculpatory statement was voluntary made. *Lego v. Twomey*, 404 U.S. 477 (1972). To be admissible against a defendant, the statement must have been the product of a rational intellect and free will, *Townsend v. Sain*, 372 U.S. 293, 307-08 (1963); Beecher v. Alabama, 389 U.S. 35, 38 (1967) (per curium), and cannot have been obtained by any direct or implied promises, however slight, or by exertion of any improper influence. *Hutto v. Ross*, 429 U.S. 28, 30 (1967); *Bram v. United States*, 168 U.S. 532, 542-43 (1897). See also *Kastigar v. United States*, 406 U.S. 441 (1972); cf. *United States v. Hubbell*, 530 U.S. 27 (2000). When it is alleged that fundamental rights have been waived, the Supreme Court has also suggested that courts should use a strict standard and "indulge in every reasonable presumption against waiver . . ." *Brewer v. William*, 430 U.S. 387, 404 (1977).

Further, the Government should be required to provide any related discovery, which is Rule 16's first and perhaps most basic requirement, codified in Fed. R. Crim. P. 16(a)(1)(A) & (B), if not already produced, prior to trial, together with notice of the Government's intention to introduce or use such statements, so that the defense may adequately investigate this matter, and an evidentiary hearing can be scheduled and held in advance of trial.

### 3.  <u>MOTION TO EXCLUDE EVIDENCE THAT IS INTENDED TO PROVE DEFENDANT'S PRESENCE AND IDENTITY IN WASHINGTON D.C. ON OR ABOUT JANUARY 6, 2021, AS MOOT AND ACCUMULATIVE</u>

Defendant respectfully prays this Court exclude evidence that is intended to demonstrate his presence and identity in Washington D.C. on or about January 6 2021. Defendant has filed his stipulation to both his travel, stay, and presence in Washington D.C. on and about January 6, 2021, and therefore any evidence offered by the Government which is intended to establish this is moot and accumulative and is therefore excluded under Fed R. Evid. 403.

Respectfully submitted,

Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March 2023, I filed the foregoing Second Omnibus Motions in Limine and Proposed Order by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____

Joseph W. Allen