UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                           )<br>)<br>SEAN MICHAEL MCHUGH,            )<br>)<br>Defendant.                                           )<br>_____ ) | Case No. 21-CR-453 (JDB) |

**DEFENDANT'S MOTION TO EXCLUDE THE GOVERNMENT'S PROPOSED 404(b) and 609(a)(2) EVIDENCE**

**COMES NOW** Defendant, Sean McHugh, by and through undersigned counsel, and respectfully tenders his motion to exclude the Government from introducing at trial his prior criminal history under either Fed. R. Evid. 404(b) or 609(a)(2).

### Introduction

The Government has identified two prior convictions of the Defendant which they propose to introduce as evidence under Fed. R. Evid. 404(b) and 609(a)(2). The admission of prior convictions must be for a narrowly tailored purpose as permitted under the Rules. In this case, the Defendant's convictions have no such relevancy.

### Argument

### Rule 404(b)

Rule 404(b) states that prior criminal acts are, "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" but, "this evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of

accident." The Rule makes it very clear that prior criminal convictions must be relevant to the case at issue as their purpose is to attempt to prove motive, opportunity, intent, etc. This means that where no such relevance exists, such proposed evidence is precluded.

In this case, none of the Defendant's prior convictions bear any similarity to the charges alleged so as to have relevance in establishing any of the criteria as set forth in Rule 404(b). The Defendant has been convicted of, upon final disposition, misdemeanor petty theft, attempt to commit 496 PC: stolen property, and statutory rape. None of the convictions can be even remotely construed to have any relevance to the charges alleged in the current case. In examining this issue, it has been held that "when seeking to introduce evidence of prior bad acts under Rule 404(b), the proponent must set forth "a chain of logical inferences, *no link of which* can be the inference that because the defendant committed . . . offenses before, he therefore is more likely to have committed this one." *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992)" *United States v. Smith*, 725 F.3d 340, 342 (3d Cir. 2013). Further, the D.C. District Court has held that, "Given this focus on inclusion, our Rule 404(b) analysis begins with a determination of whether the evidence is probative of some issue other than character. *United States v. Washington*, 297 U.S. App. D.C. 73, 969 F.2d 1073, 1080 (D.C. Cir. 1992), *cert. denied*, 507 U.S. 922, 122 L. Ed. 2d 679, 113 S. Ct. 1287 (1993). <u>We will not sustain a Rule 404(b) objection if the evidence of other crimes is relevant, relates to something other than character or propensity, and supports a jury finding that the defendant committed the other crime or act.</u> See Bowie, 232 F.3d at 930." *United States v. Cassell*, 352 U.S. App. D.C. 84, 292 F.3d 788, 792 (2002) (emphasis added).

While Rule 404(b) is a rule of inclusion, the D.C. District Court noted the purpose of the evidence must be relevant, relate to something other than character or propensity, and support a

jury finding of guilt. In the converse, where such is lacking, the evidence is inadmissible as lacking probative value and relevance. Therefore, the Government should be precluded from introducing the Defendant's prior convictions as evidence at trial.

### Rule 609(a)(2)

The Government has also given notice of its intent to introduce the Defendant's prior convictions under Rule 609(a)(2) for the purposes of impeachment, should he choose to take the stand. However, Rule 609(b) states, "subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect…" The Defendant's convictions are dated 2007 and 2010, 16 and 13 years ago, and Defendant was released from confinement after 180 days and 210 days respectively. The D.C. District Court has held, "As part of the Rule 609(b) time calculation, two important dates must be considered: (1) for the purposes of determining whether a conviction is more than ten years old, the question is whether ten years has expired at the time the witness testifies at trial, *see Trindle v. Sonat Marine, Inc.*, 697 F. Supp. 879, 881 (E.D. Pa. 1988) (collecting cases); and (2) under the rule, "release of the witness from confinement" means at the end of imprisonment, not the termination of a period of probation, *see United States v. Daniel*, 957 F.2d 162, 168 (5th Cir. 1992). *United States v. Pettiford*, 238 F.R.D. 33, 37 (D.D.C. 2006) Therefore, under the Rule, Defendant's prior convictions are inadmissible.

**Rule 403**

Even if the Government is able to present an argument under both Rule 404(b) and 609(a)(2) and (b)(1) demonstrating the probative value of the admission of the Defendant's prior convictions as evidence, the same should be precluded under Rule 403 on the grounds that the same will dangerously and substantially prejudice the Defendant in the eyes of the jury. The D.C. District Court has held, "In performing the balancing test required under Rule 403, " 'it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates *a close relationship to the event charged*.' " *Id.* (quoting *United States v. Day*, 192 U.S. App. D.C. 252, 591 F.2d 861, 878 (D.C. Cir. 1978))" *United States v. Cassell*, 352 U.S. App. D.C. 84, 292 F.3d 788, 795 (2002) (emphasis added). In this case, a "close relationship" cannot even remotely be construed to exist between the prior convictions and the present charges. Barring such, the Government should be precluded from introducing the Defendant's prior convictions as being irrelevant and prejudicial.

**Conclusion**

The Government has not demonstrated that the Defendant's prior convictions bear any relevance to this case or that such has any probative value as is required by Rule 404(b). Further, the convictions which they would seek to enter under Rule 609(a)(2) for impeachment purposes are excluded by 609(b)(1). Indeed, should this Court permit the Government to introduce the Defendant's prior convictions under either of the aforementioned Rules, the inevitable outcome will be to prejudice the jury and therefore should be precluded under Rule 403.

Respectfully submitted,

_____
Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March 2023, I filed the Defendant's Motion to Exclude the Government's Proposed 404(b) and 609(a)(2) Evidence by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____
Joseph W. Allen