## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **Criminal Action No. 21-453 (JDB)** |
| **SEAN MICHAEL MCHUGH,** | |
| **Defendant.** | |

### ORDER

Before the Court is defendant Sean Michael McHugh's pro se motion for a six-month extension of time to file a petition pursuant to 28 U.S.C. § 2255.  Mot. [ECF No. 128].  For the following reasons, the Court will deny the motion.

To begin, McHugh has not yet filed a § 2255 action.  Accordingly, the Court likely lacks jurisdiction to consider his motion to extend time to file that action.  See United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam) (holding that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed"); accord United States v. Asakevich, 810 F.3d 418, 419 (6th Cir. 2016); United States v. Glover, No. 05-3110, 2006 WL 3798926, at *1 (D.C. Cir. June 27, 2006); Swichkow v. United States, 565 F. App'x 840, 843–44 (11th Cir. 2014); United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007); United States v. McFarland, 125 F. App'x 573, 574 (5th Cir. 2005); but see United States v. Thomas, 713 F.3d 165, 173–74 (3d Cir. 2013) (holding that a federal court has jurisdiction because a § 2255 petition is a "continuation of the underlying criminal case").

Further, at this stage in his case, McHugh's timeliness concern is misplaced.  The one-year period of limitations to file a § 2255 petition runs from the "latest of" four dates, including "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  A conviction becomes final for purposes of a § 2255 motion when the Supreme Court "affirms a conviction on

the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  Clay v. United States, 537 U.S. 522, 527 (2003); accord United States v. Rice, 727 F. App'x 697, 701 (D.C. Cir. 2018) ("Section 2255's one-year statute of limitation starts running from 'the date on which the judgment of conviction becomes final,' 28 U.S.C. § 2255(f)(1), which means the later of when (i) the Supreme Court has denied certiorari, (ii) the Supreme Court has decided the case on the merits, or (iii) the time for seeking Supreme Court review has expired.").  McHugh's appeal is presently pending on appeal in the D.C. Circuit. See United States v. McHugh, No. 23-3167 (docketed Sept. 26, 2023).  Accordingly, his conviction is not yet "final" for purposes of § 2255, and the one-year limitations period has not yet begun.

*     *     *

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [128] defendant McHugh's pro se motion for an extension of time to file a petition pursuant to 28 U.S.C. § 2255 is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to defendant at the address provided with his motion.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: July 31, 2024